# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PEARLINE RIDDICK,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| **PENN CREDIT CORPORATION,** | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | ) | |

## COMPLAINT

PEARLINE RIDDICK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PENN CREDIT CORPORATION ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

1

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19139.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a business entity with its principal place of business located at 916 South 14th Street, Harrisburg, Pennsylvania 17104.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      Plaintiff has a cellular telephone number.

11.      Plaintiff has only used her number as a cellular telephone number.

12.      Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13.      When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

2

14.     Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a delay or pause and/or a pre-recorded message prior to a live representative of Defendant coming on the line.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Desiring to stop these repeated, unwanted calls, Plaintiff spoke to Defendant soon after the calls began and revoked any previous consent that Defendant had to contact her.

17.     Defendant heard and acknowledged this request to stop calling.

18.     Once Defendant was aware that its calls were unwanted and was told to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19.     In spite of her repeated instruction to stop calling her cellular telephone, Defendant instead continued to call her repeatedly.

20.     Plaintiff found Defendant's repeated calls to be harassing, invasive, frustrating, annoying, and upsetting.

21.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

22.   Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.   Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages

24.   Defendant's calls to Plaintiff were not made for "emergency purposes."

25.   After Plaintiff told Defendant to stop calling, the Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked, yet willfully and/or knowingly continued to place calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded voice.

26.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

4

27.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PEARLINE RIDDICK, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.   Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.   Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.   Any other relief deemed appropriate by this Honorable Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, PEARLINE RIDDICK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 3/4/20                          KIMMEL & SILVERMAN, P.C.


By: /s/Amy L. B. Ginsburg
    AMY L. B. GINSBURG
    Attorney ID # 202745
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT